Filed 1/9/23 P. v. Abernathy CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092495 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F06757) |
| v. | OPINION ON TRANSFER |
| CHRISTIAN MATTHEW ABERNATHY, | |
| Defendant and Appellant. | |

Defendant Christian Matthew Abernathy appeals from the trial court's order denying his petition for resentencing under former Penal Code[1] section 1170.95 (now

---

[1] Undesignated statutory references are to the Penal Code.

1

section 1172.6).[2] Defendant contends the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) render the jury's special circumstance finding legally insufficient to prove he was a major participant who acted with reckless indifference to human life. As such, the trial court's order was in error.

We filed an unpublished opinion on February 7, 2022, affirming the trial court's order. Our Supreme Court granted review of the matter on April 13, 2022, and, in November 2022, transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Upon reconsideration and following *Strong*, we now must vacate the trial court's order denying the petition and remand the matter to the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

I

*Underlying Facts*

The relevant facts are taken from our opinion, *People v. Wright* (1996) 52 Cal.App.4th 203 (*Wright*).

"Victim Moore was driving his Oldsmobile convertible on the afternoon of April 25, 1993, with three passengers. Victim Brown was in the back. As Moore turned left onto the street where his female passenger lived (in the vicinity of Watt Avenue and A Street), a Hyundai was sitting at the stop sign. Neither he nor his female passenger recognized the car or its occupants. He drove down the street and began making a wide U-turn to park on the other side of the street. He noticed the Hyundai had made a U-turn and was coming toward him. It pulled in front of him before he completed his U-turn, blocking his way.

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes in text. (Stats. 2022, ch. 58, § 10).

2

"Defendants Wright and Abernathy (also known as 'Joker' and 'Snoop') were passengers in the Hyundai. The five occupants of the Hyundai had been drinking and smoking marijuana throughout the day, and were on a trip to buy more alcohol when they crossed paths with the Oldsmobile occupants. Although defendant Wright had brought the car, he made someone else drive on this trip because he was too drunk and high; the other Hyundai occupants testified he appeared intoxicated. Two of the other Hyundai occupants (the third 'wasn't paying attention') and another drinking companion also described defendant Abernathy as intoxicated. Both defendants claimed at trial as well that by the time they encountered the Oldsmobile, they felt intoxicated.

"As summarized in defendant Abernathy's brief, 'two people got out of the Hyundai and approached the Oldsmobile. After a brief exchange of words [which the Oldsmobile occupants took as a demand for money], one drew a gun and fired, killing [victim Brown] and injuring [victim Moore]. [¶] The prosecutor called seven eyewitnesses to testify to the events of that afternoon. All basically agreed to the above series of events. Five testified that Wright was the shooter[,] . . . two recall[ing] that Abernathy was standing near Wright and was actually trying to stop Wright from shooting. [The sixth eyewitness] reversed the identities, testifying that Abernathy was the shooter and that Wright did everything in his power to try and stop the shooting. Finally, [the seventh eyewitness] testified that he was not sure who did what to whom.'

"As might be expected, each defendant claimed the other was the shooter. Each also claimed the incident was not pursuant to any prearranged plan. Defendant Abernathy admitted he was a gang member who regularly carried a gun. He claimed, however, that he approached the Oldsmobile with his gun at his side without any intention to use it and never pointed it at anybody; an Oldsmobile occupant corroborated his account. Defendant Wright claimed defendant Abernathy got out of the car with a gun; he followed to prevent anything from happening. He had not been aware defendant Abernathy was even carrying a gun. Defendant Wright denied he ever possessed a gun

3

on that afternoon. After defendant Wright was unsuccessful in attempting to disarm defendant Abernathy at the Oldsmobile, defendant Abernathy shot at the victims. By its felony-murder verdicts, the jury apparently believed defendant Wright was the shooter and both defendants intended to participate in a robbery of the occupants of the Oldsmobile." (*Wright, supra*, 52 Cal.App.4th at pp. 206-207.)

The People charged defendant with first degree murder (alleging the special circumstance of robbery murder and personal use of a firearm), attempted murder, attempted robbery, and robbery. A jury found defendant guilty of first degree murder and found true the robbery-murder special-circumstance allegation, but found defendant did not personally use a firearm. The jury also found defendant guilty of the lesser included offense of assault with a firearm, attempted robbery, and robbery. The trial court sentenced defendant to life without the possibility of parole.

On December 13, 1996, this court affirmed the judgment in a partially published opinion. (*Wright, supra*, 52 Cal.App.4th 203.)

II

*Procedural History*

Defendant's section 1172.6 petition for resentencing contains a declaration stating that (1) an information was filed against him that allowed the prosecution to proceed under a felony murder or natural and probable consequences theory, (2) he was convicted of first degree murder by a jury pursuant to the felony murder and/or the natural and probable consequences doctrine, and (3) he could not now be convicted of murder because of the changes to sections 188 and 189, effective January 1, 2019. Specifically relevant here, defendant declared he was not a major participant who acted with reckless indifference to human life during the course of the crime. The People opposed the petition. Appointed counsel for defendant responded to the People's opposition.

The trial court "examined the court's underlying file" and, on December 27, 2019, the court denied defendant's petition. The trial court explained that the court file showed

4

defendant "was convicted of one count of Penal Code [section] 187[ subdivision ](a) first degree murder and that one robbery-murder special circumstance was found true with regard to the murder . . . ."

The court further explained that "[a]t trial, the jury was instructed on the requirements for finding true a robbery-murder special circumstance, including the requirement that the jury find that defendant . . . was either the actual killer, acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life. As such, in finding true the robbery-murder special circumstance, the jury necessarily determined, unanimously and beyond a reasonable doubt, that defendant . . . was either the actual killer, acted with intent to kill, or was a major participant in the [crime] who acted with reckless indifference to human life."

The court also found defendant had not "obtained any order from any court vacating his murder conviction or the robbery-murder special circumstance." Under such circumstances, the court concluded, defendant was not eligible for relief under section 1172.6.

Defendant's counsel moved the trial court to amend and/or clarify its December 27, 2019, order and on June 4, 2020, the court amended the order to include the following paragraph: "IT IS ORDERED that the Penal Code [section 1172.6] filed by defendant . . . , seeking relief from his first degree murder conviction in Case No. 93F06757, is DENIED, without prejudice to defendant filing a new Penal Code [section 1172.6] petition if and when defendant . . . is able to obtain habeas corpus relief from his robbery-murder special circumstance that was found to be true by a jury in that case."

## DISCUSSION

On transfer, neither party submitted a supplemental brief. As determined by our Supreme Court in *Strong*, the jury's true finding on the robbery-murder special circumstance, which was made before our Supreme Court's decisions in *Banks*, *supra*, 61

5

Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 clarified what it means to be a major participant who acts with reckless indifference to human life, does not preclude defendant as a matter of law from relief under section 1172.6. Accordingly, we reverse and remand the cause for further proceedings under section 1172.6.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

As pertinent here, Senate Bill No. 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit briefs. (§ 1172.6, subds. (b)(3), (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§1172.6, subds. (c), (d).)

6

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (§ 189, subd. (e).)

Since the time of defendant's convictions, the Supreme Court has refined the analysis as to who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952, 963.) After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, *supra*, 13 Cal.5th at p. 710.)

Here, the trial court concluded the jury's pre-*Banks* and *Clark* findings precluded defendant from establishing a prima facie case. The trial court's conclusion does not survive *Strong*.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is vacated.  The matter is remanded to the trial court for issuance of an order to show cause and further proceedings consistent with section 1172.6, subdivision (d).


/s/
_____
HOCH, J.*

We concur:


/s/
_____
DUARTE, Acting P. J.


/s/
_____
BOULWARE EURIE, J.

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.